

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~ASSISTANT GRANTFORD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Otto P. Moore
County Attorney
Colorado County
Columbus, Texas

Dear Sir:

Opinion No. 0-1706
Re: (a) In what court should a com-
plaint charging a third violation
of unlawfully operating a motor
vehicle upon a public highway at a rate
of speed in excess of forty-five miles
per hour be filed?
(b) Should the complaint show the
first, second and third offenses?
(c) When can the arresting constab-
le legally charge for making an arrest?

We have received your letter dated November 16, 1939, requesting the opinion of this Department upon the above stated questions.

Section 6 of Article 827a of the Penal Code of Texas reads in part as follows:

"It shall be unlawful for any person to operate or drive any motor or other vehicle upon the public high-ways of Texas at a rate of speed in excess of forty-five (45) miles an hour, . . ."

Section 9b. of Article 827a, Penal Code of Texas, provides:

"Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding Fifty Dollars ($50.00) for the first offense, and by a fine not exceeding Two Hundred Dollars ($200.00) for the second offense, or not exceeding Five Hundred Dollars ($500.00) or imprisonment in the county jail not to exceed sixty (60) days, or by such fine and imprisonment in the discretion of the court for each subsequent offense thereafter."

The jurisdiction, power and authority of the justice of the peace are such as are fixed by the Constitution and the statutes of this State.

The Constitution of Texas, Article 5, Section 19, reads in part as follows:

"Justices of the peace shall have jurisdiction in criminal matters of all cases where the penalty or fine to be imposed by law may not be more than Two Hundred Dollars, and in civil matters of all cases where the amount in controversy is Two Hundred Dollars or less, exclusive of interest, of which exclusive original jurisdiction is not given to the District or County Courts; and such other jurisdiction, criminal and civil, as may be provided by law, under such regulations as may be prescribed by law; and appeals to the County Court shall be allowed in all cases decided in Justice Courts where the judgment is for more than Twenty Dollars exclusive of cost; and in all criminal cases under such regulation as may be prescribed by law."

Article 60 of the Code of Criminal Procedure of Texas provides:

"Justices of the peace shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed Two Hundred Dollars."

With reference to the jurisdiction of the county court the Constitution of Texas, Article 5, Section 16, provides in part as follows:

"The County Court shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the Justices Court as the same is now or may hereafter be prescribed by law, and when the fine to be imposed shall exceed $200.00, . . ."

Article 56 of the Code of Criminal Procedure of Texas reads as follows:

"The County Court shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed Two Hundred Dollars."

Section 88 of Article 52 of the Code of Criminal Procedure of Texas provides as follows:

"The County Court shall have exclusive original jurisdiction of all misdemeanors, except misdemeanors involving official misconduct, and except cases in which the highest penalty or fines that may be imposed

under the law may not exceed Two Hundred Dollars, and except in counties where the is established a criminal district court."

County courts have concurrent jurisdiction with justice courts of misdemeanors cognizable in justice courts. Woodward v. State, 5 Crim. Rep. 296; Solen v. State, 5 Crim. Rep. 301; Jennings v. State, 5 Crim. Rep. 298; Chaplin v. State, 7 Crim. Rep. 87.

In view of the foregoing authorities, it will be seen that the county court has exclusive jurisdiction in misdemeanor cases where the fine to be imposed may be in excess of Two Hundred Dollars ($200.00), or where the penalty to be imposed by law includes both fine and imprisonment. McDow v. State, (Crim. App.) 22 S.W. (2d) 137; Ex Parte Norton (Crim. App.) 21 S.W. (2d) 663; Tuttle v. State, 1 Crim. App. 364; Billingsly v. State, 3 Crim. App. 686.

The fact that the justice court is denied jurisdiction in misdemeanor cases where the penalty to be imposed by law includes imprisonment does not necessarily mean that the justice may not imprison a criminal. The justice may imprison a criminal for non-payment of fines and costs and may imprison a criminal where necessary to assert, protect and enforce his authority in cases where his jurisdiction properly obtains. Tuttle v. State, 1 Crim. App. 364.

From the foregoing authorities, you are advised that it is the opinion of this Department, in answer to your first question, that the complaint charging a third violation of unlawfully operating a motor vehicle upon the public highways at a rate of speed in excess of forty-five miles per hour must be filed in the county court.

We do not mean to say that a third complaint could not be filed against a defendant in the justice court charging a violation of unlawfully operating a motor vehicle upon the public highways at a rate of speed in excess of forty-five miles per hour, but if the complaint is filed it must not allege that the defendant has been twice previously convicted of the same offense. If such allegations are made, the complaint would charge an offense over which the justice court would have no jurisdiction. Unless the complaint alleges and the proof shows prior convictions for the same offense, the enhanced penalties for second and third violations cannot apply. Long v. State, 36 Tex. 6; and the defendant cannot complain. Kenney v. State, 79 S.W. 570, and other authorities cited under Article 61 of the Penal Code.

With reference to your second question, the county court has such jurisdiction as the Constitution and laws enacted thereunder give it; and the penalty provided by the statute for an offense with which a defendant is charged determines the jurisdiction. The complaint must allege facts sufficient to show the commission of the offense charged. Under such circumstances, the complaint upon which the information prepared by the county

attorney is based, and the information itself should allege the convic-
tion of the defendant for the same offense upon two separate and previous
occasions in order to bring the case within the jurisdiction of the county
court. See authorities cited under Article 61, supra.

In answer to your third question, it was held in the case of Scott
v. State, 114 S.W. (2d) 564, that Article 803, Penal Code of $^{T}$exas, gives
the sheriff, or other peace officer, authority to arrest a person without a
warrant who operates an automobile upon the public highways in excess of
forty-five miles per hour and to deal with him as provided by Article 792,
Penal Code of Texas.

Article 1065, Code of Criminal Procedure of $^{T}$exas, provides in
part as follows:

"The following fees shall be allowed the sheriff or other
peace officer performing the same service in misdemeanor
cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest
or capias, or making arrests without warrants,
$2.00."

From the above statutes, it appears that a constable is entitled
to receive a fee of two dollars when he executes the warrant of arrest, or
where he makes an arrest without a warrant. Our answer to your third ques-
tion is, therefore, in the affirmative.

Trusting that the above satisfactorily answers your questions,
we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
/s/ D. Burle Davis

D. Burle Davis
Assistant

DBD:LM:egw

APPROVED DEC. 7, 1939
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By BWB Chairman